IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 07 C 6419   07cv6419 |
| ) | |
| MAR-G TRUCKING, INC., ) | JUDGE MORAN |
| an Illinois corporation, ) | MAGISTRATE JUDGE BROWN |
| ) | |
| Defendant. ) | |

## CONSENT DECREE

THIS MATTER coming on to be heard upon Complaint of Plaintiffs, Terrence J. Hancock, et al. ("Trustees") and Defendant, Mar-G Trucking, Inc. ("Mar-G"), having been served with a Summons and Complaint, the parties have compromised and consent to the entry of this Consent Decree and the Court being fully advised in the premises, enters the following findings and Consent Decree:

1. This Court has jurisdiction over the subject matter herein and the parties hereto.

2. The Plaintiffs are the Trustees of the Health and Welfare Fund of the Excavating, Grading and Asphalt Craft Local No. 731 ("Health and Welfare Fund") and the Local 731 I.B. of T., Excavators and Pavers Pension Trust Fund ("Pension Fund"), (collectively referred to as "the Funds"). Mar-G is bound by the terms of the Collective Bargaining Agreement between Mar-G and the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Local Union No. 731, affiliated with the International Brotherhood of

Teamsters referred to in Plaintiffs' Complaint, and by the terms and conditions of the Agreements and Declarations of Trust (hereinafter referred to as "Trust Agreements") that govern the Funds.

3. Pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements, Mar-G is obligated to submit monthly reports to the Funds that indicate the amount of hours worked by its employees who performed work under the scope of the Collective Bargaining Agreement during the preceding month, and the corresponding amount of fringe benefit contributions due, if any, to the Funds.

4. Based on reports submitted by Mar-G for the months of August 2007 through November 2007 and the audit performed on Mar-G's payroll records for the period of January 1, 2006 through September 30, 2007, there remains an outstanding balance due to the Funds in the amount of $2,749.61, which consists of the following:

    (a) $830.40 in liquidated damages due to the Health and Welfare Fund based on the August 2007 through November 2007 contribution reports;

    (b) $538.36 in liquidated damages due to the Pension Fund based on the August 2007 through November 2007 contribution reports;

    (c) Additional liquidated damages due for September 2007 in the amount of $147.91 to the Welfare Fund based on the audit of Mar-G's payroll records for the period of January 1, 2006 through September 30, 2007 which showed under-reported hours for the month of September 2007;

    (d) Additional liquidated damages due for September 2007 in the amount of $115.44 to the Pension Fund based on the audit of Mar-G's payroll records for the period of January 1, 2006 through September 30, 2007 which showed under-reported hours for the month of September 2007; and

    (e) $1,117.50 in court costs and attorneys' fees.

5. As stated above, the Funds have incurred court costs and attorneys' fees in the amount of $1,117.50 as of January 31, 2008. The Funds are entitled to recover the costs and

expenses of the Trustees, including audit fees incurred in the examination of Mar-G's payroll books and records, liquidated damages increased to twenty percent (20%) if it is necessary to file suit to collect reports and contributions, and attorneys' fees and court costs expended in this matter as provided in the applicable Agreements and Declarations of Trusts governing the respective Funds under Section 502(g) of ERISA, 29 U.S.C. §1132(g).

6. The parties have agreed that Mar-G will abide by the following payment schedule:

| Date Due | Amount due to Welfare Fund | Amount due to Pension Fund |
|---|---|---|
| June 20, 2008 | $512.35 | $404.18 |
| July 20, 2008 | $512.35 | $404.18 |
| August 20, 2008 | $512.35 | $404.18 |

Each installment must be paid by separate checks, with one made payable to the **Health and Welfare Fund of the Excavating, Grading and Asphalt Craft Local No. 731** and the other made payable to the **Local 731 I.B. of T., Excavators and Pavers Pension Trust Fund**, in the amounts enumerated above, and mailed or delivered to the attention of Fund Counsel, Cecilia M. Scanlon, at the offices of Baum Sigman Auerbach & Neuman, Ltd., 200 W. Adams Street, Suite 2200, Chicago, Illinois 60606, on or before the respective due dates.

7. It is further acknowledged and agreed that Mar-G must remain current with respect to the submission of monthly contribution reports and fringe benefit contributions that may accrue throughout the above payment schedule.

8. In the event that Mar-G fails to make the payments as agreed in paragraph 6 on the agreed upon due dates, or fails to timely submit current reports and contributions due to the Funds, Mar-G shall be considered in violation of this Consent Decree. In such an event, Mar-G consents

to the entry and execution of judgment against Mar-G and in favor of Plaintiffs for all unpaid installments under this Consent Decree, all contributions and liquidated damages that may become due throughout the duration of the payment schedule in paragraph 6, and all of Plaintiffs' attorneys' fees incurred to date.

9. Nothing contained herein shall require Plaintiffs to apply to Court for reinstatement of the action in the event of default under the terms of this Consent Decree although, if Plaintiffs decide in their discretion to permit additional time for Mar-G to cure such breach, such allowance shall not be construed as any waiver of rights under this Consent Decree.

10. It is further understood and acknowledged between the parties that nothing contained herein limits or modifies the right of the Plaintiffs to audit the payroll books of Mar-G at such future time, as in the course of their regular audit program such an audit may be requested, nor do the terms of this Consent Decree limit or modify Plaintiffs' right to recover from Mar-G, any additional contributions or liquidated damages which may become due or which may be found to have been due, as a result of such an audit for any time period not previously audited.

IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED:

A. That Plaintiffs, Terrence J. Hancock, et al., are entitled to recover from Defendant, Mar-G Trucking, Inc., for the contribution period of August 2007 through November 2007, liquidated damages and attorneys' fees and costs in the amount of $1,537.06 to the Health and Welfare Fund of the Excavating, Grading and Asphalt Craft Local No. 731 and $1,212.55 to the Local 731 I.B. of T., Excavators and Pavers Pension Trust Fund;

B. That Mar-G is to timely submit its regular reports and contributions to the Funds as required under the applicable Agreements and Declarations of Trusts governing the Funds;

C.  That in the event Mar-G defaults under the terms of this Consent Decree, Plaintiffs are entitled to execution of the amount of the Judgment, plus all contributions and liquidated damages due according to subsequently submitted reports, including Plaintiffs' reasonable attorneys' fees incurred during the litigation of this matter and through enforcement of the terms of this Consent Decree, court costs, and liquidated damages against Mar-G; and

D.  The Court retains jurisdiction of this cause and all the parties hereto for the purpose of enforcing this Order.

ENTER:

Date: 7/15/08

_____
UNITED STATES DISTRICT JUDGE

WE HEREBY AGREE TO THE ENTRY OF THIS CONSENT DECREE:

TERRENCE J. HANCOCK, et al.

_____
Trustee  07/14/08

MAR-G TRUCKING, INC.

_____
President  6-18-08